UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ROGER GILLIARD, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: 2:13-CV-00546-DCN |
| ) | |
| -versus- ) | C O M P L A I N T |
| ) | (JURY TRIAL DEMANDED) |
| GREAT LAKES REINSURANCE ) | |
| (U.K.) PLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff alleges as follows:

1. Plaintiff is a citizen and resident of Berkeley County, South Carolina. Upon information and belief, Defendant is an insurance company organized under one of the laws of a state of the United States other than South Carolina, and transacts business in South Carolina.

2. On August 4, 2011, Plaintiff`s home, and all contents located therein, were destroyed by an accidental fire. At the time of this loss, Plaintiff was insured by a homeowners` policy issued by Defendant, which specifically provided for benefits caused by accidental fire.

3. Plaintiff has filed for benefits pursuant to the previously mentioned policy; however, Defendant has refused to pay benefits.

1

4.   A lawsuit to obtain reimbursement of damages caused by the fire was filed March 27, 2012.

5.   Defendant has received three estimates from builders that the dwelling is a complete loss and must be demolished and rebuilt.

6.   The average cost of the aforementioned estimates is $202,788.67.

7.   After litigation was commenced on March 27, 2012, Defendant paid to Plaintiff $102,089.21 for only a partial loss of the dwelling.

8.   On August 3, 2012, in Plaintiff`s Answers to Interrogatories, Plaintiff`s counsel provided Defendant`s counsel with an itemized list of personal property totaling $88,809.93.

9.   After litigation was commenced on March 27, 2012, Plaintiff`s counsel sent Defendant`s counsel a letter on September 18, 2012, that stated in part:

> "So there is no misunderstanding the door is, and always will be, wide open to addressing the merits of this claim.  If your client is interested in discussing all of the damages claimed, they can either start putting the money on the table; or, schedule an early mediation.  Either option is fine with us."

10. After litigation was commenced on March 27, 2012, Plaintiff`s counsel sent Defendant`s counsel a letter on January 10, 2013, that stated in part:

> "Again, I think both parties would benefit from an early mediation to discuss resolution of all elements of damages, including attorney fees. As mediation is mandatory, it certainly makes sense to avoid additional litigation costs by participating in a mediation at this juncture. Quite frankly, I do not see where any further discovery would be beneficial to either party."

11. After litigation was commenced on March 27, 2012, and after the aforementioned letters were sent, Defendant still has not paid Plaintiff for his loss of personal property.

12. After litigation was commenced on March 27, 2012, and after the aforementioned letters were sent, Defendant still has not reimbursed Plaintiff for his loss of use.

13. After litigation was commenced on March 27, 2012, and after the aforementioned letters were sent, Defendant still has not paid Plaintiff the complete costs for demolishing and rebuilding his home.

14. After litigation was commenced on March 27, 2012, Defendant

has a continuing duty to adjust Plaintiff`s claim for damages.

## FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

15.    Paragraphs 1 through 14 are incorporated herein by reference.

16.    This cause of action is brought pursuant to Section 38-59-40, Code of Laws of South Carolina (1976), as amended.

17.    Defendant has breached the insurance contract existing between the parties by failing to pay Plaintiff`s claim within ninety days after demand has been made.

18.    Plaintiff is entitled to payment of all benefits due under the insurance contract, plus attorney's fees.

## FOR A SECOND CAUSE OF ACTION
## BAD FAITH

19.    Paragraphs 1 through 18 are incorporated herein by reference.

20.    Defendant has, without just cause and in bad faith, refused to pay benefits to Plaintiff, by committing the following acts:

    a.    Extreme delay in repairing/rebuilding the dwelling;

    b.    Refusing to reimburse Plaintiff for his loss of personal property;

    c.    Refusing to pay Plaintiff for loss of use of his dwelling.

4

## FOR A THIRD CAUSE OF ACTION
## PREJUDGMENT INTEREST

21. Paragraphs 1 through 20 are incorporated herein by reference.

22. Plaintiff is entitled to prejudgment interest, pursuant to Section 34-31-20, Code of Laws of South Carolina (1976), as amended.

WHEREFORE, Plaintiff demands judgment against Defendant for such amount of actual and punitive damages as the trier of facts shall determine, prejudgment interest, for the costs of this action, including a reasonable attorney's fee, and for such further relief as this court deems proper.

S/JOHNNY F. DRIGGERS<br>
108 Central Avenue, Suite 7<br>
Post Office Box 757<br>
Goose Creek, SC  29445<br>
(843) 572-8222<br>
FEDERAL ID #606<br>
ATTORNEY FOR PLAINTIFF

Goose Creek, South Carolina

March 1, 2013.